John MARTIN
and Hazel Martin,
husband and wife,
*Appellants,*

*v.*

Donald E. WELLS
and Patricia Wells,
husband and wife,
dba Wells & Sons General Contractors,
*Respondents.*

(94-CV-0016; CA A93231)

939 P2d 1191

James A. Marshall argued the cause and filed the briefs for appellants.

Paul F. Sumner argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs filed this action in circuit court, alleging negligence, breach of warranty, and violations of the Oregon Unlawful Trade Practices Act, ORS 646.605 *et seq*. The trial court granted defendant's motion for summary judgment. Plaintiffs appeal, raising numerous assignments of error. Most of the assignments of error concern matters within the trial court's discretion and, because we find no abuse of discretion, we reject those arguments without discussion.

Plaintiffs also assign error to the trial court's decision to award attorney fees to defendants. Plaintiffs contend, and defendants do not dispute, that the trial court erred in awarding attorney fees without holding a hearing on plaintiffs' objection to those fees. Plaintiffs timely filed objections to defendants' statement seeking attorney fees. ORCP 68 C(4)(b). ORCP 68 C(4)(c)(i) provides:

> "If objections are filed in accordance with paragraph C(4)(b) of this rule, the court, without a jury, *shall* hear and determine all issues of law and fact raised by the statement of attorney fees or costs and disbursements and by the objections. The parties *shall* be given a reasonable opportunity to present evidence and affidavits relevant to any factual issue." (Emphasis supplied.)

Given the mandatory language of ORCP 68 C(4)(c)(i), a trial court is required to grant a hearing on a party's objection to attorney fees. The trial court erred in denying plaintiffs' request for a hearing on this matter.

Reversed and remanded for further proceedings on issue of attorney fees; otherwise affirmed.